UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G MCGEE, et al., | No. 2:21–cv–2216–KJM–KJN PS |
| Plaintiffs, | ORDER |
| v. | (ECF No. 7.) |
| KIMBERLY MANSFIELD, et al., | |
| Defendants. | |

On December 2, 2021, plaintiffs filed the instant action, alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.[1]  Defendants now move to stay the case under Wallace v Kato, noting plaintiff Bird's criminal proceedings in state court are currently ongoing, and conviction would require dismissal of this civil case under Heck v. Humphrey.  (ECF No. 7.)  The court ordered opposition briefing, and thereafter took the matter under submission without a hearing pursuant to Local Rule 230(g).  (ECF No. 8.)  Plaintiffs filed no opposition.

For the reasons that follow, the court orders this case stayed until the underlying criminal proceedings have concluded.

///

---

[1] Plaintiffs are proceeding without assistance of counsel in this action.  Thus, this case was referred to the undersigned pursuant to 28 U.S.C. Section 636 and Local Rule 302(c)(21).

1

**DISCUSSION**

In <u>Heck v. Humphrey</u>, the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. 477, 486-87 (1994). <u>Heck</u> does not bar a plaintiff from bringing an action raising claims challenging ongoing criminal proceedings. However, the Court in <u>Wallace v. Kato</u> explained such an action should be stayed:

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393-94 (2007). Then, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> requires dismissal; otherwise, the case may proceed." <u>Yuan v. City of Los Angeles</u>, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010).

Here, plaintiff's complaint states various constitutional claims under 42 U.S.C. Section 1983, all related to the seizure of his firearms in April 2021. (See ECF No. 1 at 3.) According to the judicially noticeable documents submitted by defendants, plaintiff Bird has been charged with violating Cal. Pen. Code § 29825(b) for possessing a firearm with temporary restraining order, protective order, or injunction. (<u>See</u> ECF No. 7 at Ex. B, the criminal complaint, filed August 31, 2021.) A finding for plaintiff on his section 1983 claims could implicate the validity of any criminal conviction. <u>See, e.g.</u>, <u>Szajer v. City of Los Angeles</u>, 632 F.3d 607, 612 (9th Cir. 2011) (noting that the outcome of the plaintiff's Section 1983 claims related to the search and seizure of weapons would "necessarily challenge the validity of the [search] and in doing so imply that there was no probable cause to search for weapons," and finding the action <u>Heck</u> barred). Thus, this case is subject to a stay until the pending criminal case is resolved, pursuant to <u>Wallace</u>.

# **ORDER**

Accordingly, it is HEREBY ORDERED that:

1. This case is STAYED until the conclusion of plaintiff Bird's criminal case, as per <u>Wallace v Kato</u>; and

2. Within 30 days of the resolution of the criminal case, the parties shall file a joint statement with the court noting their positions on how to proceed with this civil case.

Dated: January 28, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcgee.2216

3