UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G. MCGEE and DONALD M. BIRD,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY MANSFIELD, et al.,<br><br>Defendants. | No. 2:21–cv–2216–KJM–KJN PS<br><br>ORDER<br><br>(ECF No. 11.) |

On December 2, 2021, plaintiffs filed the instant action, alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.[1] Defendants moved to stay the case under Wallace v Kato, 549 U.S. 384, 393-94 (2007), noting plaintiff Bird's criminal proceedings in Sacramento Superior Court were currently ongoing (21-MI-012753), and conviction would require dismissal of this civil case under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (ECF No. 7.) Plaintiffs did not respond. The court granted the motion, stayed the case, and ordered that within 30 days of the resolution of the criminal case, the parties were to file a joint statement stating their positions on how to proceed with the case. (ECF No. 8.)

///

---

[1] Plaintiffs proceed without assistance of counsel in this action. Thus, this case was referred to the undersigned per Local Rule 302(c)(21). See 28 U.S.C. § 636; Fed. R. Civ. P. 72.

1

On March 16, 2022, plaintiffs filed a motion to lift the stay. (ECF No. 11.) However, this filing contains no input from defendants on their position on the stay, as is required by the court's previous order calling for a <u>joint</u> statement. Further, a review of the publicly available documents in plaintiff Bird's criminal case show the action is still pending in state court, and so the rationale for imposing the stay has not changed. Thus, the court denies plaintiffs' motion to lift the stay.

Plaintiffs are warned that further failure to abide the court's orders may result in sanctions being imposed against them, which may include dismissal of the case. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>see also</u> Local Rule 183(a) ("Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

**ORDER**

Accordingly, it is HEREBY ORDERED that plaintiff's motion to lift the stay (ECF No. 11) is DENIED.

Dated: March 22, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcgee.2216