UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G. MCGEE and DONALD M. BIRD,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY MANSFIELD, et al.,<br><br>Defendants. | No. 2:21–cv–2216–KJM–KJN PS<br><br>ORDER<br><br>(ECF No. 13.) |

On December 2, 2021, plaintiffs filed the instant action, alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.[1] Defendants moved to stay the case under Wallace v Kato, 549 U.S. 384, 393-94 (2007), noting plaintiff Bird's criminal proceedings in Sacramento Superior Court were currently ongoing (21-MI-012753), and conviction would require dismissal of this civil case under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (ECF No. 7.) Plaintiffs did not respond. The court granted the motion, stayed the case, and ordered that within 30 days of the resolution of the criminal case, the parties were to file a joint statement stating their positions on how to proceed with the case. (ECF No. 8.)

///

---

[1] Plaintiffs proceed without assistance of counsel in this action. Thus, this case was referred to the undersigned per Local Rule 302(c)(21). See 28 U.S.C. § 636; Fed. R. Civ. P. 72.

1

On March 16, 2022, plaintiffs filed a motion to lift the stay. (ECF No. 11.) However, as the filing was not a joint statement, and as public records indicated plaintiff Bird's criminal case was still ongoing, the court denied the motion and left the stay in place. On March 28, plaintiff McGee filed a "motion to remove plaintiff Donald M. Bird" from the case, implicitly arguing that without plaintiff Bird, there would be no rationale for the stay. She also reasserts her request for a jury trial. She then states if the court declines to grant the amendment, she will file the case again under her own name. (ECF No. 13.)

Construing plaintiff McGee's filing as a motion to amend under Federal Rule of Civil Procedure 15(a)(2), the motion is denied without prejudice. The court is aware—from both the complaint and public documents—that any claims related to the search and seizure are integrally related to plaintiff Bird's criminal proceedings in state court. Therefore, even if plaintiff Bird were omitted from an amended complaint, the rationale for staying the case would be the same. Plaintiffs' jury request is noted, and this stay does not impinge that right. Should plaintiff Bird prevail in his criminal case, the stay will be lifted and the case will proceed as normal. At that time, plaintiffs' may re-petition the court to amend the complaint under Rule 15(a)(2), should they choose to do so.

In the court's previous order (ECF No. 11), the court warned plaintiffs that further failure to abide by the court's orders may result in sanctions being imposed against them, which may include dismissal of the case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); see also Local Rule 183(a) ("Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Here, plaintiff McGee stated that if plaintiff Bird was not removed from this case (implicitly arguing the stay should also be lifted), she would refile the

case. Such gamesmanship will not be tolerated. If plaintiff McGee refiles under her own name, her new case will be related to this case, will be immediately stayed, and the court will recommend dismissal <u>with prejudice</u> of both cases for failing to follow the court's orders.

Moving forward, the only filing the court will entertain is a joint statement—at the conclusion of plaintiff Bird's criminal case—indicating the outcome of that case along with the parties' arguments as to how to proceed with this case. <u>This is plaintiffs' final warning</u>.

**ORDER**

Accordingly, it is HEREBY ORDERED that plaintiff's motion to amend (ECF No. 13) is DENIED without prejudice.

Dated: March 31, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcgee.2216

3