UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G MCGEE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY MANSFIELD, et al.,<br><br>Defendants. | No.  2:21–cv–2216–KJM–KJN PS<br>No.  2:22–cv–1456–KJM–KJN PS<br><br>ORDER TO SHOW CAUSE |

Plaintiffs filed the instant action alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.[1]  The court stayed the action under <u>Wallace v Kato</u> to await the conclusion of plaintiff Bird's criminal proceedings in state court.  (See 2:21–cv–2216, ECF No. 9.)  The court ordered that "[w]ithin 30 days of the resolution of the criminal case, the parties shall file a joint statement with the court noting their positions on how to proceed with this civil case."  (<u>Id.</u>)

Subsequently, plaintiffs made choices, both in the original case and in a related case (as detailed below), that demonstrate an intent to circumvent the court's stay order.  Therefore, the court now orders plaintiffs to show cause why this case should not be dismissed for their persistent failure to follow the court's orders.

---

[1] Plaintiffs are proceeding without assistance of counsel in this action.  Thus, this case was referred to the undersigned pursuant to 28 U.S.C. Section 636 and Local Rule 302(c)(21).

1

**BACKGROUND**

On December 2, 2021, plaintiffs Philomena G. McGee and Donald M. Bird filed an action alleging that in April of that year, California Law Enforcement Officer Kimberly Mansfield led other officers in a search of their residence that resulted in the seizure of plaintiff's firearms and ammunition. (2:21–cv–2216, ECF No. 1.) Plaintiffs, proceeding without the aid of an attorney, filed a case against Mansfield and two unnamed officers, alleging multiple claims under the First, Second, Fourth, and Fourteenth Amendments as well as multiple state-law claims. (Id.) Plaintiffs paid the filing fee and served Officer Mansfield.

In early January of 2022, defendant Mansfield moved to stay the case under Wallace v Kato, 549 U.S. 384, 393-94 (2007). (2:21–cv–2216, ECF No. 7.) Defendant noted that plaintiff Bird had been charged for violations of Cal. Penal Code §§ 29825(b) (unlawful possession of a firearm) and 30305(a)(1) (unlawful possession of ammunition) and presented exhibits indicating plaintiff Bird's criminal case was ongoing. (Id.) The court took the motion under submission, ordered plaintiffs to file opposition, but received none. (2:21–cv–2216, ECF No. 8.) The court granted defendant's motion and stayed the case, finding that a determination on plaintiffs' civil claims could implicate the validity of any criminal conviction and was therefore potentially barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (2:21–cv–2216, ECF No. 9.) The court instructed the parties to file a joint statement within 30 days of resolution of Bird's criminal case indicating how the parties intended to proceed with the case. (Id.)

In March, plaintiffs filed a motion to lift the stay, generally citing their constitutional rights. (2:21–cv–2216, ECF No. 11.) However, the court noted plaintiffs' failure to file a joint statement, and saw no indication that Bird's criminal case had concluded (much less any result), and therefore denied this motion. (2:21–cv–2216, ECF No. 12.) The court warned plaintiff that any future failures to follow court orders could result in sanctions. (Id.) Plaintiff McGee responded by requesting permission to amend the complaint to remove plaintiff Bird so that her case could proceed, and by stating that if the court denied this motion, she would refile her case under her own name. (2:21–cv–2216, ECF No. 13.) The court denied the motion to amend without prejudice, noting the related nature of McGee's alleged claims and Bird's criminal

2

proceedings and rationale for the stay. (2:21–cv–2216, ECF No. 14.) The court restated its warning about potential sanctions for failure to follow a court order, and explicitly warned that a refiling of the case would be construed as intolerable gamesmanship. The court stated that should McGee take this action, the new case would be related to the first case, immediately stayed, and recommendations to dismiss with prejudice would issue. (Id.) The court stated that moving forward, the only filing that would be entertained is a joint statement at the conclusion of Bird's criminal case indicating the path forward. (Id.)

On July 27, 2022, plaintiffs filed a motion to remove the stay and requested rescheduling of the status conference. (2:21–cv–2216, ECF No. 15.) Plaintiffs attached a two-page document indicating Bird's criminal charges may have been dismissed. (Id.) Defendant Mansfield opposed amendment, noted plaintiffs' failures to follow court orders, and requested dismissal sanctions. (2:21–cv–2216, ECF No. 16.) On August 4, the court denied dismissal sanctions, noting plaintiffs' pro se status. (2:21–cv–2216, ECF No. 17.) However, as it was not immediately clear from the filing what was the exact status of Bird's case, and because the filing was not a joint statement from the parties indicating how the case was to proceed, the court denied plaintiffs' motion. (Id.) The court instructed plaintiffs to confer with defense counsel on a joint statement regarding "whether (a) it is appropriate to lift the stay, and (b) if so, how this case should proceed." (Id.) The court again warned that a failure to follow court orders may result in sanctions being issued against the offending party. (Id.)

On August 30, 2022, defendant filed a statement with the court that (a) recounted a history of the court's orders in this case; (b) declaring that since the August 4th order, neither plaintiff attempted to confer with defense counsel, despite counsel's letter inviting conferral (received by defendants on August 19); and (c) noting that on August 17, plaintiffs filed a new case against Mansfield alleging the same facts as in the first case. (2:21–cv–2216, ECF No. 18.) Thereafter, the district judge related the second case (2:22-cv-1456-KJM-AC) to the first and referred both to the undersigned. (ECF No. 19.)

///

///

3

**DISCUSSION**

Under Federal Rule of Civil Procedure 41(b), a district court may impose sanctions, including involuntary dismissal of a plaintiff's case, where that plaintiff fails to comply with the court's orders, the Federal Rules, or the court's local rules.[2] See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); see also Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This court's Local Rules are in accord. See Eastern District Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). The rules apply equally to self-represented parties. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds); see also Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.").

///

---

[2] A court may also impose sanctions, including terminating sanctions, as part of its inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Ninth Circuit has held that the same five-factor test utilized in the context of Rule 37 sanctions is applied when considering sanctions under the court's "inherent power." Leon, 464 F.3d at 958 n.4.

In determining whether to dismiss a case for failure to comply with a court order or failure to comply with the local rules, the Ninth Circuit counsels a district court to consider five factors. See Ferdik, 963 F.2d at 1260.  These factors are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).  The district court "need not make explicit findings regarding each of these factors," IDX Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006), and this multi-factor test is "not mechanical," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  The test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow."  Id.

As the Ninth Circuit has observed, "[a] terminating sanction . . . is very severe," and "[o]nly willfulness, bad faith, and fault [can] justify terminating sanctions." Id.; see also Leon, 464 F.3d at 958 (describing the sanction of dismissal as "harsh"); Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) ("[W]here the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.").  Thus, the court must take into account whether it has "considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life, 482 F.3d at 1096; accord Leon, 464 F.3d at 960.

Here, the court leans toward recommending plaintiffs' cases be dismissed for failure to follow the court's orders.  Plaintiffs continually fail to give context to their filings and refuse to confer with defense counsel, and they went so far as to file another case with the apparent goal of circumventing the court's orders.  These choices impact the expeditious resolution of plaintiffs' case, affect the court's ability to manage its incredibly overburdened docket, and potentially prejudices defendants due to the passage of time.  Ferdik, 963 F.2d at 1260-61.  Further, plaintiffs' disregard of court's explicit warning regarding filing a second case indicates bad faith.

5

However, there are two ambiguities counseling against such a recommendation—at this point. First, the court recognizes the public policy favoring disposition of cases on their merits, and it is not clear whether plaintiff Bird's criminal case was in fact dismissed from state court. Plaintiffs filed a document that appears to indicate the charges were dismissed, but failed to provide any context. Defense counsel did not address plaintiffs' documents in her opposition to the lifting of the stay, staking her argument solely on plaintiffs' failures to follow the court's procedural orders. Second, the court has yet to explore less drastic sanctions. Thus, it is possible that a severe monetary sanction alongside more-cooperative plaintiffs could result in the relief they seek: a lifting of the stay and resolution of the case on the merits.

For this reason, the court will provide plaintiffs with <u>one final chance</u> to correct the course of their own litigation. Within 14 days, plaintiffs shall file a statement with the court explaining why this case should not be dismissed as a sanction for their failure to follow the court's orders. Plaintiffs shall explain the documents attached to their August 30th statement, why they have failed to confer with defense counsel on how the litigation should proceed, and why they chose to file another case in this court asserting the same claims—despite the court's clear warning in March of 2022 that any such gamesmanship would not be tolerated. Within 14 days of plaintiffs' filing, defendant may file an optional response. Should defendant choose to do so, counsel shall also address the state of plaintiff Bird's criminal case in state court.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs shall SHOW CAUSE why their cases should not be dismissed under Federal Rule of Civil Procedure 41(b);

2. The proceedings in Case No. 2:22–cv–1456–KJM–KJN PS are STAYED under the same analysis as expressed in 2:21–cv–2216–KJM–KJN (<u>see</u> ECF No. 9); and

3. Plaintiffs' motion for a settlement conference (2:22–cv–1456, ECF No. 5) is DENIED WITHOUT PREJUDICE as premature.

Dated: September 14, 2022

mcgee.2216

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE