UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G. MCGEE and<br>DONALD M. BIRD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KIMBERLY MANSFIELD, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-2216-KJM-KJN PS<br>No. 2:22-cv-1456-KJM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE |

　　　　Plaintiffs filed these actions alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.  (ECF No. 1 in 2:22-cv-1456 and 2:21-cv-2216.)  The court stayed both cases pending the resolution of criminal charges filed against plaintiff Bird.  The parties were ordered to confer and file a joint statement within 30 days of the resolution of the charges.  (2:21-cv-2216, ECF No. 9.)

　　　　Thereafter, plaintiffs continually violated the court's orders regarding the scheduling and management of the case.  The court has provided plaintiff with multiple opportunities to get their case back on track; most recently the court declined to grant defendant's motion to dismiss as a sanction, instead attempting monetary sanctions.  However, plaintiffs have demonstrated they have no intention of following the court's orders or satisfying the lesser sanctions.  Therefore, the court recommends these cases be dismissed with prejudice.

///

**Background**

Plaintiffs Philomena G. McGee and Donald M. Bird allege that California Law Enforcement Officer Kimberly Mansfield led other officers in a search of plaintiffs' residence on April 19, 2021, resulting in a seizure of plaintiffs' firearms and ammunition. (2:21-cv-2216, ECF No. 1.) Plaintiffs, proceeding without the assistance of counsel, filed a case against Mansfield and two unnamed individuals alleging Constitutional and state law violations. (Id.) Plaintiffs paid the filing fee and served Mansfield. (2:21-cv-2216, ECF No. 2.)

In January of 2022, Mansfield filed a motion to stay the case under Wallace v. Kato, 549 U.S. 384, 393-94 (2007), presenting exhibits indicating criminal charges had been filed against Bird for violations of Cal. Penal Code §§ 29825(b) and 30305(a)(1) (unlawful possession of a firearm and ammunition). (2:21-cv-2216, ECF No. 7.) The court took Mansfield's motion under submission, ordered plaintiffs to file opposition, but received none. (2:21-cv-2216, ECF No. 8.) The court granted Mansfield's motion and stayed the case, finding that a determination of Bird's civil claims could implicate the validity of any criminal conviction and would therefore be barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (2:21-cv-2216, ECF No. 8.) The court ordered the parties to file a joint statement indicating their positions on how to proceed with the civil case within 30 days of the resolution of Bird's criminal case. (2:21-cv-2216, ECF No. 9.)

In March, plaintiffs filed a motion to lift the stay, but the court denied the motion, noting plaintiffs' failure to file a joint statement and failure to indicate the status of Bird's criminal case. (2:21-cv-2216, ECF Nos. 11, 12.) The court warned plaintiffs that any failures to follow the court orders could result in sanctions. (2:21-cv-2216, ECF No. 12.) McGee then filed a motion to amend the complaint, suggesting she would remove Bird as a plaintiff so the case could proceed, and stating she would refile the case in her own name in the event of court denied the motion. (2:21-cv-2216, ECF No. 13.) The court denied amendment without prejudice, noting the related nature of McGee's alleged claims and Bird's criminal proceedings. (2:21-cv-2216, ECF No. 14.) The court restated its warning about potential sanctions for failure to follow the court's orders, and explicitly warned that a refiling of the case would be construed as intolerable gamesmanship. (Id.) The court warned that should McGee file another case, the new case would be related to the

1  first and immediately stayed, and sanctions would issue.  (Id.)  The court restated it would
2  entertain a joint statement at the conclusion of Bird's criminal case.  (Id.)

3    In July, plaintiffs filed a motion to reschedule the status conference and requested the
4  court to lift the stay.  (2:21-cv-2216, ECF No. 15.)  Plaintiffs attached a two-page document that
5  appeared to indicate Bird's criminal charges may have been dismissed.  (Id.)  Mansfield opposed
6  amendment, requesting a dismissal sanction for plaintiffs' failures to follow court orders.  (2:21-
7  cv-2216, ECF No. 16.)  On August 4, 2022, the court issued an order declining Mansfield's
8  motion to dismiss.  (2:21-cv-2216, ECF No. 17.)  The court also denied plaintiffs' motion to lift
9  the stay, noting the status of Bird's criminal case was unclear and that the parties failed to provide
10 the joint statement indicating how the case was to proceed.  (Id.)  The court again instructed
11 plaintiffs to confer with defense counsel on a joint statement regarding "whether (a) it was
12 appropriate to lift the stay, and (b) if so, how this case should proceed."  (Id.)  The court again
13 cautioned plaintiffs that a failure to follow court orders would result in sanctions.   (Id.)

14   Defendant Mansfield filed a statement with the court on August 30, 2022, that (a)
15 recounted a history of the court's orders in this case; (b) indicated since the August 4th order,
16 neither plaintiff attempted to confer with defense counsel, despite counsel's letter inviting
17 conferral (received by defendants on August 19); and (c) cited the fact that on August 17, 2022,
18 plaintiffs filed a new case (2:22-cv-1456-KJM-AC) against Mansfield alleging the same facts as
19 in the original case.  (2:21-cv-2216, ECF No. 18.)  The district judge in the first case related
20 plaintiffs' two cases and referred both to the undersigned.  (2:21-cv-2216, ECF No. 19; 2:22-cv-
21 1456, ECF No. 4.)

22   On September 14, 2022, the court ordered plaintiffs to show cause why sanctions should
23 not issue.  (2:21-cv-2216, ECF No. 20; 2:22-cv-1456, ECF No. 6.)  Plaintiffs were instructed to
24 explain the documents attached to their August 30th filing, why they failed to confer with defense
25 counsel to file a joint statement, and why they refiled the case—despite the court's clear warnings
26 that failure to follow the court's orders would not be tolerated and would result in sanctions.  (Id.)
27 The court provided plaintiffs 14 days to respond.  (Id.)

28   In response, plaintiffs filed in the 22-cv-1456 action a document labeled "First Amended

3

Complaint," reciting various constitutional provisions and including a news article attachment. (2:22-cv-1456, ECF No. 7.) Upon review, the court determined the document to be a response to the order to show cause. (2:21-cv-2216, ECF No. 22; 2:22-cv-1456, ECF No. 8.) The clerk docketed plaintiffs' filing as a response to the OSC, and the court ordered Mansfield to reply. (Id.) Mansfield did so, indicating Bird's criminal matter had in fact been dismissed after he completed diversion, but requesting the court issue dismissal sanctions because of plaintiffs' bad faith conduct. (2:21-cv-2216, ECF No. 23; 2:22-cv-1456, ECF No. 9.) Despite plaintiffs' continued abuse of the court's resources, the court found it had not yet attempted lesser sanctions and so dismissal sanctions were unwarranted. (2:21-cv-2216, ECF No. 24; 2:22-cv-1456, ECF No. 11.) However, some sanction was appropriate given plaintiffs' conduct, and so the undersigned ordered plaintiffs to pay a $500 sanction by December 1, 2022, after which time the court would order the stay lifted and order defendant to respond to the complaint. (See Id.) Plaintiffs responded by requesting a settlement conference, but the court denied this request because it generally does not do so without the consent of all parties; and the court reiterated plaintiffs' obligation to pay the sanction by December 1st. (2:21-cv-2216, ECF Nos. 25, 26; 2:22-cv-1456, ECF No. 12, 13.) Despite this warning, the December 1st deadline passed without payment of the sanction, and the court notes plaintiffs refiled their motion regarding a settlement conference. (2:21-cv-2216, ECF No. 27; 2:22-cv-1456, ECF No. 14.)

### A. Monetary sanctions of $500 is appropriate due to plaintiffs' conduct.

### Legal Standards

District courts retain broad discretion to control their dockets, and in the exercise of that power they may impose sanctions. See Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Three authorities allow a court to impose sanctions against a party or counsel: Rule 11,[1] 28 U.S.C. § 1927, and the court's inherent power to regulate its docket. See City of Los Angeles v. Garcetti, 2021 WL 6751982, at *1 (C.D. Cal. Dec. 21, 2021). The rules apply equally to unrepresented parties. See King v. Atiyeh, 814 F.2d 565, 657 (9th Cir.

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

4

1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable rules.").

A court may impose sanctions pursuant to Rule 11 where a party makes representations to the court that harass, cause unnecessary delay, or needlessly increase the cost of litigation. See Rule 11(a-c); see also Bus. Guides, Inc. v. Chromatic Commun. Enterprises, Inc., 892 F.2d 802, 813 (9th Cir. 1989), aff'd, 498 U.S. 533 (1991) (noting that Rule 11 only applies to pleadings, motions, or other papers and not to the entire conduct of the proceedings); see also McMahon v. Pier 39 Ltd. Partn., 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (warranting Rule 11 sanctions against pro se litigant for duplicative filings against the same defendants for the improper purpose of harassment). In determining whether a violation of Rule 11 occurred, the court must determine whether the party acted objectively reasonable. See Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994) (noting a court must consider a litigant's pro se status in evaluating the reasonableness of the party's representations).

Alternatively, sanctions pursuant to the court's inherent authority are appropriate where a party engages in "a broad range of willful improper conduct." See Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001); see also Local Rule 110 (permitting a court to impose sanctions on a party who fails to comply with the court's rules or any order of the court). Inherent power sanctions are generally warranted on five bases: bad faith, vexatiousness, wantonness, oppressive actions, and willful disobedience. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980). Mere recklessness or negligence alone is insufficient; however, a court may impose sanctions for reckless or negligent conduct when "combined with an additional factor such as frivolousness, harassment, or an improper purpose." See Fink, 239 F.3d at 994.

Before imposing sanctions, the court must provide the party responsible for the violation notice and a reasonable opportunity to respond. See Rule 11(c)(1) (indicating Rule 11 due process requirements); see also Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) (indicating inherent power due process requirements). Rule 11 sanctions require the court to issue an order

to show cause, and the violating party must respond by showing why conduct specifically described has not violated the rule. See Rule 11(c)(3). An opportunity to respond through submission of a brief is usually all that is required for the court to impose sanctions pursuant to its inherent powers. See Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1027 (9th Cir. 1994).

Despite a court's broad discretion in sanctioning improper conduct, sanctions are limited to those sufficient to deter a repeated violation by defendant or others similarly situated. See U.S. v. Thompson, 2004 WL 721148, at *1 (E.D. Cal. Feb. 10, 2004). Severe sanctions, including involuntary dismissal, may only be imposed in extreme circumstances and after consideration of less drastic sanctions. See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (noting involuntary dismissal is a harsh sanction); see also Guelker, 29 F.3d at 1390 (noting a court may consider a party's pro se status in assessing the basis and measure of sanctions). An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction. See Rule 11(c)(6).

**Analysis**

Throughout these proceedings, plaintiffs have repeatedly attempted to circumvent the court's orders. Thus, sanctions are warranted. Further, given plaintiffs' refusal to accede to the court's order of lesser, monetary sanctions, there appears to be no other choice to curb plaintiffs' bad faith, vexatious, and willfully disobedient conduct than to recommend dismissal of their cases.

Plaintiffs' filing of an additional case alleging the same facts (2:22-cv-1456-KJM-AC) as an attempt to circumvent the court's orders warrants Rule 11 sanctions. See Rule 11(b) (Rule 11 sanctions are appropriate where a party files a pleading, motion, or other paper "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."); see also McMahon, 2003 WL 22939233 at *6 (imposing Rule 11 sanctions against pro se litigant for filing duplicative actions for an improper purpose of harassment). Here, plaintiffs' refiling was not objectively reasonable, even considering their pro se status, as the court explicitly warned plaintiffs a refiling would be construed as intolerable gamesmanship.

(2:21-cv-2216, ECF No. 14.)  See Bus. Guides, Inc., 892 F.2d at 809 (noting that the court must consider a litigant's pro se status in determining whether the Rule 11 violation was objectively reasonable); see also Portnoy v. Veolia Transp. Services, Inc., 2014 WL 3689366, at *6 (E.D. Cal. July 24, 2014) (finding a pro se plaintiff's subsequent filings were not objectively reasonable where numerous court orders warned plaintiff against refiling the claim).

Additionally, plaintiffs' failures to follow even the simplest of instructions justifies sanctions under the court's inherent authority.  The court's purpose in staying the case to await the conclusion of Bird's criminal case was well supported by the law, and the rationale for requiring the parties to confer after the resolution of that criminal case supports the court's goals of efficiently moving cases forward and emphasizing civility in the legal process.  This is especially important in civil cases where, should plaintiffs make it to discovery, they would be required to work with defense counsel to exchange documents and questions/answers, potentially interview witnesses, and the like.  Plaintiffs' repeated failures to inform the court of the status of the criminal proceedings, explain the attachments to their August 30th filing, confer with defense counsel, and participate in the filing of a joint statement justify sanctions under the court's inherent authority.  See Chambers, 501 U.S. at 44 (indicating a court may impose sanctions pursuant to their inherent authority for conduct abusive to the judicial process); see also Piper, 447 U.S. at 766-67 (noting disobedience as a basis for inherent power sanctions).  Plaintiffs' response to the OSC did little more than recite boilerplate language, and did not even attempt to address or explain why their misconduct should not result in sanctions despite repeated warnings. (2:21-cv-2216, ECF No. 23.)  See, e.g., Boustred v. Govt., 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (sanctioning a pro se plaintiff for repetitive filings and failure to properly respond an order to show cause); see also Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (sanctions for failure to comply with court orders).

The court provided plaintiffs ample notice and opportunity to explain their misconduct.  See Toombs v. Leone, 777 F.2d 465, 472 (9th Cir.1985) ("Due process . . . requires that parties subject to sanctions have sufficient opportunity to demonstrate that their conduct was not undertaken recklessly or willfully.")  The court issued several orders warning plaintiffs that it

would not tolerate gamesmanship, including their threat to refile the case and repeated failures to follow the court's instructions. (2:21-cv-2216, ECF Nos. 9, 12, 14, 17, 20.) The OSC not only specified plaintiffs' misconduct, but instructed plaintiffs to respond and explain the documents attached to their August 30th filing, why they failed to confer with defense counsel to file a joint statement, and why they refiled the case—despite warnings that further misconduct could result in sanctions. (2:21-cv-2216, ECF No. 20.) See Boustred, 2008 WL 4287570 at *2 (finding an order to show cause satisfied notice and hearing requirements prior to imposing Rule 11 sanctions); see also Childs, 29 F.3d at 1027 (noting the opportunity to brief the issue fully satisfies notice and opportunity requirements to impose inherent power sanctions). Accordingly, the court's OSC satisfies due process.

Finally, the court had previously found that despite plaintiffs' repeated, flagrant, and frankly incomprehensible conduct, lesser sanctions had yet to be attempted, and plaintiffs were ordered to pay a $500 sanction. (2:21-cv-2216, ECF No. 24; 2:22-cv-1456, ECF No. 11.) Plaintiffs responded by requesting a settlement conference, but this was denied, and plaintiffs were reminded of their duty to pay the sanction by the deadline. (2:21-cv-2216, ECF Nos. 25, 26; 2:22-cv-1456, ECF No. 12, 13.) This deadline has now passed, and not only have plaintiffs failed to pay the sanction, but they filed a self-described "motion demanding the court set a date for a settlement conference with prejudice." (2:21-cv-2216, ECF No. 27; 2:22-cv-1456, ECF No. 14.) Therein, plaintiffs continue to make inflammatory comments and cite irrelevant law. (See Id.) Thus, the court finds plaintiffs' bad faith, vexatious, and willfully disobedient conduct and failure to accede to lesser sanctions requires dismissal of this action.

In recommending dismissal, the court takes the following into consideration:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

See Ferdik, 963 F.2d at 1260; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002). Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiffs' failures to take the steps necessary to move this case forward. Without plaintiffs'

8

cooperation in resolving simple matters like conferring with defendant over management of the case, interpretation of documents they filed, and the like, this case can go nowhere. Further, plaintiffs' refiling of another complaint, despite the court's explicit warnings, did nothing more than slow down the case and require further management. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare their defense. With the passage of time, memories fade and evidence becomes stale. The fifth factor also favors dismissal because the court already attempted less drastic alternatives—the $500 monetary sanction that plaintiffs have refused to pay. As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiffs' own bad faith conduct that has precluded a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's cases be DISMISSED WITH PREJUDICE as a sanction under Rule 11 and the court's inherent power; and
2. The Clerk of the Court be directed to CLOSE these cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 2, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE